PROB 12C
(04/08)

May 28, 2008

**UNITED STATES DISTRICT COURT**
**FOR THE**
**SOUTHERN DISTRICT OF CALIFORNIA**

FILED
2008 JUN -6 AM 9:04

**Petition for Warrant or Summons for Offender Under Supervision**

**Name of Offender:** Gilbert ORTEGA-Rubio (English) **Dkt No.:** 07-CR-2982-001-BTM

**Reg. No.:** 05246-298

**Name of Sentencing Judicial Officer:** The Honorable Barry Ted Moskowitz, U.S. District Judge

**Date of Sentence:** February 1, 2008

**Original Offense:** 8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2, Bringing in an Illegal Alien Without Presentation and Aiding and Abetting, a Class C felony.

**Sentence:** 6 months custody; 2 years supervised release. (*Special Conditions: See Attached Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release **Date Supervision Commenced:** April 8, 2008

**Asst. U.S. Atty.:** Christopher P. Tenorio **Defense Counsel:** Stephen Patrick White (Appointed) (69) 702-3753

**Prior Violation History:** None.

---

**PETITIONING THE COURT**

**TO ISSUE A NO-BAIL BENCH WARRANT**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|---|
| **(Special Condition)** Reside in a Community Corrections Center (CCC) as directed by the probation officer for a period of 120 days. *(nv24)* | 1. | On May 25, 2008, Mr. Ortega-Rubio was terminated, unsuccessfully, from Correctional Alternatives, Inc. (CAI), in San Diego, California, and his current whereabouts are unknown. |

***Grounds for Revocation:*** The undersigned has received and reviewed the Abscond Notice from CAI, which reflects the following: On May 24, 2008, the subject signed out of the facility for the purpose of reporting to his work site at Aramark- Petco Park, in San Diego, California. He was scheduled to return back to the facility on May 25, 2008, no later than 8:30 a.m. He failed to return and was subsequently terminated from the program on May 25, 2008.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Ortega-Rubio's adjustment to supervision can be described as poor. He was released from federal custody on April 8, 2008, and began his 120-day placement at CAI. As previously noted, he absconded on May 25, 2008. He was to be released from CAI on August 8, 2008.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

The subject was born in Van Nuys, California. At the age of eleven, his parents separated and he lived periodically with his mother in Phoenix, Arizona, his father in Tijuana, and his grandmother in San Diego.

The subject has a "common-law" wife, with whom he has two children who lives in Tijuana. Prior to absconding from supervision, he was employed at Aramark-Petco Park working as a laborer for the company cleaning the ballpark.

The underlying offense is the subject's only criminal conviction; however, the subject has been arrested on numerous occasions for alien smuggling and prosecution was declined on each of the events. It is also noted that the subject has an outstanding warrant in Glendale (Arizona) City Court for DUI, extreme DUI, driving without a license, and being a person under 21 driving after drinking, in Case No. CR2007006355.

**SENTENCING OPTIONS**
**CUSTODY**

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 year(s). 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegation (failure to reside in RRC) constitutes a Grade C violation. USSG § 7B1.1(a)(3), p.s.

wording
A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

Pursuant to USSG § 7B1.3(d), p.s., any unserved portion of community confinement shall be ordered to be served, in addition to the sentence imposed as a result of the revocation. In this case, the offender has not served 73 of the court-ordered community confinement.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG § 7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

**REIMPOSITION OF SUPERVISED RELEASE**

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 3 year(s) supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

**RECOMMENDATION/JUSTIFICATION**

In reviewing this case for a recommendation, this officer is somewhat bothered by the fact that Mr. Ortega-Rubio was under supervision for such a short period of time. It is apparent that the sentence in the underlying offense (6 months) had no effect on him to comply with the directives of the Court. He has absconded from supervision; therefore, the undersigned is respectfully requesting a no-bail bench warrant to bring the offender before the Court.

Based on the offender's poor performance in such a short period, it is respectfully recommended that supervised release be revoked. Pursuant to USSG § 7B1.3(d), p.s., any unserved portion of community confinement shall be ordered to be served, in addition to the sentence imposed as a result of the revocation. In this case, the offender has not served 73 days of the court-ordered community confinement. As such, it is recommended that Mr. Ortega-Rubio be sentenced to custody for 5 months and 13 days. This recommendation is the low end of the range plus the unserved time at the RRC.

Additionally, it is recommended that supervised release be imposed for a period of 24 months under the previous terms and conditions, including that he reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of up to 90 days, or until he obtains full-time employment and establishes a residence as approved by the probation officer.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: May 28, 2008**

Respectfully submitted:
KENNETH O. YOUNG
CHIEF PROBATION OFFICER

by ______________________
Larry Huerta
U.S. Probation Officer
(619) 409-5107

Reviewed and approved:

______________________
Robert J. Walford
Supervising U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant:** ORTEGA-Rubio, Gilbert

2. **Docket No.** (Year-Sequence-Defendant No.): 07-CR-2982-001-BTM

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| failure to reside in RRC | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b)) [ C ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a)) [ I ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a)) [ 3 - 9 months]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution | | Community Confinement | 73 days |
| Fine | | Home Detention | |
| Other | | Intermittent Confinement | |

**THE COURT ORDERS:**

✓ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_______ Other ________________________________________

Barry Ted Moskowitz 6/3/08

The Honorable Barry Ted Moskowitz Date
U.S. District Judge

nps